IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MONEESH DAVIS, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-12-976
:
MARY SABOL, WARDEN, : (Judge Conaboy)
:
    Respondent :
_____

**MEMORANDUM**
**Background**

    Moneesh Davis filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Named as Respondent is Warden Mary Sabol of the York County Prison.

    Following the filing of a response to the Petition, counsel entered an appearance on behalf of Petitioner. By Order dated April 17, 2013 this Court granted Davis' request for an expedited hearing and was in the process of scheduling a telephonic scheduling and status conference.

    It is undisputed that Petitioner is a native of St Vincent and the Grenadines who was in ICE custody for more than seventeen (17) months. Davis challenged his indefinite

1

detention by ICE pending removal.[1]

On April 23, 2013, Respondent filed a "Suggestion of Mootness." Doc. 24. The filing states that "Davis was removed to the United States on April 15, 2013." Id. at p. 2. Consequently, Respondent seeks dismissal of the petition on the basis of mootness.

**Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be

---

[1] Respondent previously indicated that Petitioner would not be able to obtain a travel document from his native country until after disposition of his pending habeas corpus action. No explanation is provided for the apparent policy change by St. Vincent officials.

extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

According to a declaration by ICE Regional Chief Counsel Kent Frederick, which has been submitted by Respondent, Petitioner was removed from the United States to St. Vincent Republic on April 15, 2013. See Doc. 24-1, ¶ 3.

Since Davis was recently removed from the United States, under the principles set forth in Steffel, his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: APRIL 24, 2013